```
                                                    RECEIVED
                                             USDC CLERK, CHARLESTON, SC
         UNITED STATES DISTRICT COURT
           DISTRICT OF SOUTH CAROLINA        2006 MAY 24  A 10: 53
```

| | |
|---|---|
| Tyrone Lorenzo Robinson, # 235104, | ) C/A No. 2:06-1492-SB-RSC |
| Plaintiff, | ) |
| vs. | ) |
| | ) Report and Recommendation |
| South Carolina Department of Public Safety Highway Patrol and In his individual capacity and in his official capacity; | ) |
| South Carolina Department of Public Safety Highway Patrolman Trooper First Class Joseph Franklin Clipse, | ) |
| Defendants. | ) |

## Introduction

This is a civil rights action filed *pro se* by a state prison inmate .[1] Plaintiff is currently incarcerated at the Ridgeland Correctional Institution, serving a sentence issued by the Court of General Sessions of Beaufort County. This is the second virtually identical case filed in this Court by this Plaintiff against the same two Defendants within less than one month. In both cases Plaintiff complains of being falsely charged with a crime and falsely testified against a trial by Defendant state trooper in Beaufort County. The first case recently filed by Plaintiff against these Defendants is Civil Action No. 2:06-1288-SB-RSC. This Court may take judicial notice of Civil Action No. Civil Action No. 2:06-1288-SB-RSC. See <u>Aloe Creme Laboratories, Inc. v. Francine Co.</u>, 425 F.2d

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

1295, 1296 (5th Cir. 1970);  see also Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239, (4th Cir. 1989); Mann v. Peoples First National Bank & Trust Co., 209 F.2d 570, 572 (4th Cir. 1954);  United States v. Parker, 956 F.2d 169, 171 (8th Cir. 1992).

### Factual Background

On April 27, 2006, a Complaint from Plaintiff was received at the Court's Charleston Division Office. Although the Complaint form indicates that it was signed by Plaintiff on "April 13, 2006," the envelope in which the Complaint was received carried a Ridgeland Correctional Institution date stamp of April 24, 2006, indicating that as the date that Plaintiff had submitted it to the prison mail system for transmittal. The Complaint, along with the attachments thereto, and certain financial documents also submitted by Plaintiff were all docketed under Civil Action No. 2:06-1288-SB-RSC. In accordance with established Court procedure, the Plaintiff's  pro se filings were submitted for initial review by the assigned Magistrate Judge, and a proper form Order with accompanying Special Interrogatories were issued to Plaintiff on May 16, 2006. See Civil Action No. 2:06-1288-SB-RSC, Entry 4.  The proper form Order (along with the Special Interrogatories) was mailed out to Plaintiff on that same day. According to the docket in that case, Plaintiff has until June 8, 2006 to comply with the directions in the proper form Order and to submit his Answers to the Special Interrogatories. [2]

---

[2] That time may be extended upon proper motion filed *in that case* before the expiration of the compliance deadline, but Plaintiff must proceed *in that case*. He cannot file successive identical cases, unless he wishes to continue being assessed for multiple filing fee obligations every time he abandons one case without bringing it into proper form and, instead, submits an entirely new, but virtually identical, case.

The envelope in which the Complaint in this case was mailed to the Charleston Division of this Court contains a Ridgeland Correctional Institution date stamp of May 11, 2006, but Plaintiff did not write the date that he signed it on the signature page. In any event, it is clear that Plaintiff did not await the Court's response to his filing in Civil Action No. 2:06-1288-SB-RSC before filing, essentially, a second virtually identical case in this Court. It is also clear from the date stamped on the outside of the envelope in which this case was mailed, when compared to the date of issuance of the proper form Order in Civil Action No. 2:06-1288-SB-RSC, that the items submitted in this case were not intended by Plaintiff to be his response to the proper form Order in Civil Action No. 2:06-1288-SB-RSC. This is so because Plaintiff obviously had not received the proper form Order when he mailed this case since the proper form Order was not even issued until five days after this case was put in the mail. Plaintiff should have waited a only few days until he heard from the Court on his original submission before submitting an additional, virtually identical case against the same people. By not doing so, he has now unnecessarily created double work for himself and for the Court. He has also incurred an additional debt to the United States government that he could have easily avoided by simply awaiting the Court order issued in Civil Action No. 2:06-1288-SB-RSC that was soon to come to him.

### Pro Se Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been

conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995)(*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); and Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9-10 & n.7 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *See* Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See* Weller v. Department of Social Servs., 901 F.2d 387(4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

### Discussion

Following close review of the allegations contained in the Complaint filed in this case, it is clear that this case is completely duplicative of Civil Action

No.2:06-1288-SB-RSC. The Court will not entertain two separate, identical lawsuits filed by the same individual against the same parties. To do so would fly in the face of the important interests of judicial efficiency and economy. As the United States Court of Appeals for the Fifth Circuit commented when faced with similar circumstances:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d at 1296.

Furthermore, Plaintiff should be aware that the United States Congress determined quite some time ago that in every federal lawsuit filed by a prisoner in this country, the prisoner becomes financially responsible for a non-dischargeable debt to the United States government in the full amount of the court filing fee in effect at the time the case is filed. This debt becomes the prisoner's financial responsibility under the applicable statutes whether the case he or she files is ultimately served and pursued to summary judgment or trial or whether it is dismissed by the Court following initial review. This determination by the Congress was made the law of the land and is published in the United States Code. See 28 U.S.C. §§ 1914, 1915. Relevant portions of the applicable United States Code provisions are briefly summarized in the Statement of Assets used by this Court, and Plaintiff has consented to the imposition of this financial obligation upon himself by signing and submitting Statements of Assets in both this case (Entry 2) and in Civil Action No. 2:06-1288-SB-RSC. Accordingly, it is in Plaintiff's financial interests to carefully consider the number of federal lawsuits that he files,

particularly the number of clearly duplicative lawsuits such as this one.

Plaintiff is obligated to respond to the already issued Court order requiring him to bring the identical case that he originally filed against the identical parties into proper form. Assuming that he does so, he will have a full opportunity to litigate his claims within the appropriate confines of applicable Court procedures in Civil Action No. 2:06-1288-SB-RSC.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe, 998 F.2d 201, 202-04 & n. * (4th Cir. 1993); Boyce v. Alizaduh; Todd v. Baskerville, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). Plaintiff's attention is directed to the important notice on the next page.

Respectfully submitted,

Robert S. Carr
United States Magistrate Judge

May 24, 2006
Charleston, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**
